UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC., <br><br> Plaintiff <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 23-2662 (RDM) |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROCESSING ORDER

Defendant, the U.S. Department of the Homeland Security, respectfully submits this memorandum in opposition to Plaintiff, Project on Government Oversight, Inc.'s (the "Project's" or "Plaintiff's") motion for a processing order ("Motion"). *See* ECF No. 16 ("Pl.'s Mot.").

### BACKGROUND

In the Project's Motion, it accuses Defendant of "continually flout[ing]" its obligations under the Freedom of Information Act ("FOIA") with respect to its August 29, 2022, FOIA request ("Second Request") seeking "certain records from CBP's Enforcement Action Statistical Analysis and Reporting System . . . database related to Defendant's 'use of force.'" *See id.* at 2. The Project represents that it has had no communication with Defendant regarding its Second Request since September 1, 2023. *See id.* at 3. As such, the Project reproaches Defendant for effectively "ignor[ing]" its Second Request, and, as a remedy, demands that the Court order Defendant to "process the August 29, 2022 E-STAR FOIA request at a rate of 500 pages per month and to make monthly productions with the first production due in 30 days." *See id.* at 6.

**ARGUMENT**

As an initial matter, the Project's February 28, 2017, FOIA request ("First Request")—which Defendant is already processing at a rate of 750 pages per month, *see* Min. Order of Dec. 20, 2023—and its Second Request ask for the same use of force records. *Compare* ECF No. 1 ("Compl.") ¶ 30 *with id.* ¶60. The only sense in which they differ is that the First Request seeks all use of force records which were produced prior to and as of February 28, 2017, *see id.* ¶ 30, whereas the Second Request seeks all use of force records from January 1, 2010, until August 29, 2022. *See id.* ¶ 60. In other words, the Project's FOIA requests seek use of force records from different but overlapping time frames. But the mere fact that Defendant has already began processing and releasing records relating to the First Request, *see generally* ECF No. 15, necessarily means that it has not "ignored" the Second Request. It is self-evident, then, that the extremely burdensome processing order the Project seeks to have imposed on Defendant is without any real justification, and therefore the Court should deny the Project's Motion.

Furthermore, the Project's representations are based upon what appears to be an incorrect understanding of the history of this case. Prior to the initiation of this lawsuit, it was agreed in oral conversations that only records from 2017-2022 would be processed and released in relation to the Project's First Request. To date, Defendant has been able to identify approximately 30,000 pages of responsive use of force reports for the period of 2017 to 2022. Unsurprisingly, if the time frame is expanded beyond 2017 to 2022, the number of responsive use-of-force reports at issue will increase dramatically, such that Defendant will likely not be able to complete processing of the subject records for many years, at a minimum—and this will be true irrespective of whether the Court grants or denies the Project's Motion. Thus, the fact that granting the Project's Motion will not even afford Plaintiff the relief it claims to seek constitutes an additional ground on which the

Court should deny it.

Finally, in the past, the Project has declined Defendant's invitation to meet and confer to amicably resolve existing disagreements in relation to this case. *See* ECF No. 13 at 1-2. But "the D.C. Circuit has held that, even if [an] agency can identity documents responsive to a request, a request does not reasonably describe documents if the request is 'so broad as to impose an unreasonable burden upon the agency.'" *See Keeping Gov't Beholden, Inc. v. Dep't of Just.*, Civ. A. No. 17-1569 (FYP), 2021 WL 5918627, at *5 (D.D.C. Dec. 13, 2021) (citation omitted). Because Defendant cannot be lawfully required to process an impossibly voluminous number of records at an unsustainably accelerated rate, it is in the best interests of the parties that a mutually acceptable narrowing agreement is finalized as soon as possible.[1]

Dated: March 1, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street N.W.
Washington D.C. 20530
Telephone: (202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

---

[1] For example, Defendant proposes to produce a spreadsheet from 2010 - 2024 containing a complete record of incidents leading to the creation of use-of-force reports. The Project can then review that information and select a reasonable number of entries where it wishes to review the individual report. Defendant can then pull those reports, process them, and produce them in a timely manner.